FILED
United States Court of Appeals
Tenth Circuit

June 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MONTY ENGLEHART,

Defendant - Appellant.

No. 19-8006
(D.C. No. 2:12-CR-00026-ABJ-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**<sup>*</sup>
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Appellant Monty Englehart, a convicted sex offender, was charged with failing to

register under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C.

§ 20901 *et seq.* He moved to dismiss the indictment, arguing that SORNA violated the

constitutional nondelegation doctrine by improperly delegating legislative power to the

Attorney General. The district court denied the motion, and Mr. Englehart appealed.

---

<sup>*</sup> This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

We hold that Mr. Englehart's nondelegation argument is foreclosed by *Gundy v. United States*, No. 17-6086, 2019 WL 2527473, at *1 (U.S. June 20, 2019).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

In 1997, Mr. Englehart was convicted of aggravated criminal sexual abuse.  Nine years later, Congress enacted SORNA, which requires convicted sex offenders to register in a national sex offender registry.  *See* 34 U.S.C. § 20913(a).  Title 18 U.S.C. § 2250(a) makes it a felony for an individual "required to register under [SORNA]" to "travel[] in interstate or foreign commerce" and "knowingly fail[] to register or update a registration as required by [SORNA]."

SORNA gives the Attorney General "the authority to specify the applicability of the [registration] requirements . . . to sex offenders convicted before [SORNA's] enactment . . . and to prescribe rules for the registration of any such sex offenders." 34 U.S.C. § 20913(d).  Exercising this authority, the Attorney General issued an interim rule in 2007 applying SORNA's registration requirements "to all sex offenders, including sex offenders convicted of the offense . . . prior to the enactment of [SORNA]."  72 Fed. Reg. 8894-01 (Feb. 28, 2007) (to be codified at 28 C.F.R. § 72.3).  In 2010, it issued a second regulation finalizing SORNA's retroactive applicability.  28 C.F.R. § 72.3.

Mr. Englehart was charged under 18 U.S.C. § 2250(a) for failing to register as required under SORNA and the regulation.  He moved to dismiss the indictment, arguing that SORNA's grant of authority to the Attorney General to specify the extent of the Act's retroactive application violated the constitutional nondelegation doctrine.  Mr.

2

Englehart acknowledged that his argument was "currently foreclosed," ROA at 18, by *United States v. Nichols*, 775 F.3d 1225 (10th Cir. 2014), which held that SORNA does not violate the nondelegation doctrine. *Id.* at 1231-32. But because *Gundy*—a case addressing "this very issue"—was then pending before the United States Supreme Court, he "raise[d] this argument to preserve it for further review." ROA at 22.

The district court denied the motion to dismiss, and Mr. Englehart appealed, urging the same arguments.

## II.  **ANALYSIS**

On June 20, 2019, the Supreme Court decided *Gundy*. The Court held that Congress did not "make an impermissible delegation when it instructed the Attorney General to apply SORNA's registration requirements to pre-Act offenders," *Gundy*, 2019 WL 2527473, at *8, and that the "delegation easily passes constitutional muster," *id.* at *2.

## III.  **CONCLUSION**

The Supreme Court's holding in *Gundy* forecloses Mr. Englehart's nondelegation argument. Accordingly, we affirm.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

3